UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


CITY OF KENNER                              CIVIL ACTION

VERSUS                                      NO: 07-2678

UNITED FIRE AND CASUALTY                    SECTION: "R"(4)
COMPANY


### ORDER AND REASONS

   Before the Court is plaintiff's motion to remand this matter to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana pursuant to 28 U.S.C. § 1447(c).  For the following reasons, the Court GRANTS plaintiff's motion.


**I.   BACKGROUND**

   At the time Hurricane Katrina struck southeastern Louisiana, plaintiff City of Kenner held a commercial property coverage policy issued by defendant United Fire and Casualty Company, covering 54 structures owned by and located in that municipality. On August 17, 2006, City of Kenner filed this action in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana, alleging that United Fire failed to

adequately compensate it for certain damages sustained at one of those structures, the Pontchartrain Center, as a result of Hurricane Katrina.  In addition to the breach of contract claim, City of Kenner sought penalties and attorney's fees.  On March 30, 2007, City of Kenner filed a supplemental and amending petition in state court alleging that United Fire failed to adequately compensate it for Katrina-related damages to all of its 54 covered structures, including the Pontchartrain Center. It also re-urged its claims for penalties and attorney's fees under La. Rev. Stat. §§ 22:658 and 22:1220.  On April 26, 2007, United Fire, which lacks citizenship or a principal place of business in Louisiana, removed the matter to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

City of Kenner now moves to remand the matter to state court.  It argues that the removal is untimely under 28 U.S.C. § 1446 and does not merit the equitable revival exception.  It further contends that it has recently discovered that its insurance policy was actually purchased from and issued by a Louisiana entity, Lafayette Insurance Company.  It seeks to add Lafayette as a defendant in this matter, which would eliminate complete diversity of the parties, a requirement for a federal court to have jurisdiction under Section 1332.  *See McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

Because the Court finds that the removal is untimely under Section 1446, it need not address plaintiff's alternative argument regarding diversity of the parties.

**II.  DISCUSSION**

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction.  *See* 28 U.S.C. § 1441(a).  As the removing party, the defendant bears the burden of establishing that federal jurisdiction exists at the time of removal.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  The procedure for removal is set forth in 28 U.S.C. § 1446.  Section 1446(b) addresses the timeliness of removal and provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section

1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  These provisions are strictly construed because the exercise of removal jurisdiction raises significant federalism concerns.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872 (1941); *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

Here, it is undisputed that the case stated by City of Kenner in its original petition for damages filed on August 17, 2006 was removable and that United Fire elected to remain in state court.[1]  It was not until April 26, 2007, more than eight months after City of Kenner first filed this action in state court, that United Fire removed it to federal court.  The only issue then is whether, as United Fire contends, the lapsed right to remove was restored when City of Kenner amended the state court petition.[2]  Under the revival exception, "a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the

---

[1] United Fire concedes in its opposition brief that "[i]t is undisputed that the present case was initially removable and that United Fire did not file a notice of removal within thirty days of receiving the initial Petition for Damages." (R. Doc. 26, at 5).

[2] The Court notes that United Fire removed the case within 30 days after City of Kenner filed its amended pleading.

character of the action and constitute essentially a new lawsuit." *Johnson v. Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000); s*ee also Cliett v. Scott*, 233 F.2d 269, 271 (5th Cir. 1956) ("[U]nder settled law, when plaintiffs filed an entirely new and different suit, defendants' right to remove revived.").

The Court finds that the amendments to the original petition did not alter the character of the action.  This remains at its core an insurance coverage dispute between an insurer and its insured.  The amended pleading did not add or dismiss any defendants nor did it change the legal issues raised in the original pleading, namely breach of contract and bad faith adjustment practices; nor did the amended pleading result in a realignment of the existing parties to this action.  *See Thomas v. Exxon Mobil Corp.*, 2003 WL 22533677, at *4 (E.D. La. Nov. 5, 2003) (declining to invoke the revival exception for similar reasons); *cf. Heublein*, 227 F.3d at 242 (applying the revival exception because new and more complex allegations in amended complaint bore "no resemblance whatsoever" to allegations in original complaint and original parties realigned in completely different manner).  Rather, the amendments merely added more of the same type of claims against United Fire arising from the very same insurance policy referenced in the original petition.  The Court therefore concludes that the amendments to the state court

petition did not alter the character of the action to such an extent as to restore United Fire's lapsed right to remove under the standard set forth in *Heublein*.  The removal is thus untimely and remand to state court is appropriate under Section 1447.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion and REMANDS this matter to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana.

New Orleans, Louisiana, this <u>30th</u> day of July, 2007.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT COURT